UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DR. DONALD OWEN, | ) |
|                Plaintiff, | ) |
| v. | ) No.: 2:20-cv-02010-CSB-EIL |
| BOARD OF EDUCATION OF URBANA SCHOOL DISTRICT #116, JOHN H. DIMIT, BENITA ROLLINS-GAY, ANNE HALL, RUTH ANN FISHER, BRENDA CARTER, PAUL POULOSKY, and PEGGY PATTON, | ) Magistrate Judge Eric Long |
|                Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR RULE 12(b)(6) MOTION TO DISMISS**

Defendants, **BOARD OF EDUCATION OF URBANA SCHOOL DISTRICT** (the "District"), **JOHN H. DIMIT, BENITA ROLLINS-GAY, ANNE HALL, RUTH ANN FISHER, BRENDA CARTER, PAUL POULOSKI, and PEGGY PATTON** (the "Individual Defendants"), by and through their attorneys, Frank B. Garrett III and Tyler J. Bohman of ROBBINS SCHWARTZ NICHOLAS LIFTON & TAYLOR, LTD., hereby submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Amended Complaint, and state as follows:

### I. INTRODUCTION

Plaintiff's Amended Complaint contains three counts, all plead against the District and against the Individual Defendants (who were members of the District Board of Education at the relevant times). Count I alleges retaliation in violation of the Illinois Human Rights Act ("IHRA"); Count II alleges retaliation in violation of Title VII of The Civil Rights Act of 1964, as amended ("Title VII"); and Count III alleges civil conspiracy in violation of 42 U.S.C. § 1983 and § 1985. Defendants move to dismiss Count I and Count

II against the Individual Defendants, and move to dismiss Count III in its entirety against all Defendants.

## II.     STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that only offers labels, conclusions or a formulaic recitation of the elements of a cause of action are not sufficient. *Id*. Likewise, a complaint that merely tenders "naked assertions devoid of further factual enhancement" does not suffice. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under the framework created by *Twombly* and *Iqbal*, a court is to first identify the allegations in the complaint that are nothing more than "legal conclusions" or "naked assertions." *See Twombly*, 550 U.S. at 555, 557. Those allegations are not entitled to the assumption of truth and must be disregarded. *Iqbal*, 556 U.S. at 680. The court then assesses the well-pled, non-conclusory factual allegations to determine whether the complaint states a plausible claim for relief. *Id*.; *Twombly*, 550 U.S. at 565. A plaintiff pleads herself out of court if the allegations in her complaint do not plausibly suggest she has a right to relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## III.     ARGUMENT

### A.     THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII OR THE IHRA

Plaintiff attempts to impose individual liability under Title VII and the IHRA against the Individual Defendants. The Individual Defendants are current and former Board of Education members that made up the seven-member Board of Education of Urbana School District #116 during the time period relevant to the Amended Complaint. Title VII and the IHRA do not allow for liability against persons who are not considered an

2

"employer". As such, Counts I and II of the Amended Complaint against the Individual Defendants must be dismissed.

"Employers," as defined by Title VII, are liable to employees for unlawful workplace discrimination, harassment, and retaliation. *See generally* 42 U.S.C. §2000e *et seq*. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees...and any agent of such person." 42 U.S.C. §2000e(b). A "person" as defined in this section includes "governments, governmental agencies, political subdivisions." 42 U.S.C. §2000e(a).

Similarly, under the IHRA, an "employer" is defined as "Any person employing 15 or more employees…" or "The State and any political subdivision, municipal corporation or other governmental unit or agency, without regard to the number of employees." 775 ILCS 5/2-101(B)(1)(a) and (c). A "person" as defined by the IHRA includes "State of Illinois and its instrumentalities, political subdivisions, units of local government, [and] legal representatives…" 775 ILCS 5/1-1-3(L).

As defined in the Illinois School Code, a school board is the governing body of a public school district. 105 ILCS 5/1-3.  Members of a school board are termed "directors" and "[t]he directors of each district shall be a body politic and corporate, by the name of 'school directors of district No. ...., county of .... and State of Illinois,' and by that name may sue and be sued in all courts and places where judicial proceedings are had." (105 ILCS 5/10-2).  A school board, *not* its individual members, employs the district's superintendent:

> Sec. 10-16.7. School board duties with respect to superintendent. In addition to all other powers and duties enumerated in this Article, the school board shall make all employment decisions pertaining to the superintendent. The school board shall direct, through policy, the superintendent in his or her charge of the administration of the school district, including without limitation considering the recommendations of the superintendent concerning the budget, building plans, the locations of sites,

3

> the selection, retention, and dismissal of employees, and the selection of textbooks, instructional material, and courses of study. The school board shall evaluate the superintendent in his or her administration of school board policies and his or her stewardship of the assets of the district.

105 ILCS 5/10-16.7. Plaintiff pleads as much in his Amended Complaint, which must also be accepted as true for purposes of this Motion. Amend. Compl. ¶¶ 7, 18-21, 23 (Pleading that Plaintiff was employed by the Board of Education and that the Board employed Plaintiff for purposes of the IHRA). Nowhere in Plaintiff's Amended Complaint does it allege that any of the Individual Defendants were Plaintiff's "employer" under Title VII or the IHRA.

It is well-established that individuals or agents of the employer cannot be held individually liable under Title VII. *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995) (affirming the district court's granting of a motion to dismiss because the defendant supervisor, in his individual capacity, cannot be liable for a Title VII claim). Title VII does not permit an action against individuals, even when the individuals are supervisory employees of the employer. *Id.*; See also *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 493-94 (7th Cir.1998) (individual defendants are not liable under Title VII); *Geier v. Medtronic, Inc.,* 99 F.3d 238, 244 (7th Cir.1996) (same); *EEOC v. AIC Security Investigations, Inc.*, 55 F.3d 1276, 1281-82 (7th Cir. 1995) (finding that Congress did not contemplate individual liability when it passed Title VII).

Illinois courts enforcing the IHRA find that "[i]t is appropriate to examine federal decisions in the fair employment field because of the similarities between the federal [Title VII] and Illinois [IHRA] enactments." *Faulkner-King v. Dept. of Human Rights*, 225 Ill. App. 3d 784, 788 (4th Dist. 1992), See T*rayling v. Board of Fire and Police Commissioners,* 273 Ill. App. 3d 1 at 11-12 (2d Dist. 1995). "The Illinois Supreme Court has held that in evaluating claims of discrimination and retaliation brought under the [IHRA], courts should

4

apply the test employed by federal courts in evaluating causes of action brought pursuant to Title VII of the Civil Rights Act of 1964…" *Davis v. Metro. Pier & Exposition Auth*. 2012 U.S. Dist. LEXIS 91710 (N.D. Ill. 2012), citing *Zaderaka v. Illinois Human Rights Com*., 131 Ill. 2d 172, (1989).

As with Title VII, the Illinois Appellate Court has held that individual liability for claims of retaliation under section 6-101(A) of the IHRA does not apply to cases in which an individual is acting on behalf of the employer. *Anderson v. Modern Metal Products,* 305 Ill. App. 3d 91, 102, 711 N.E.2d 464, 471 (2d Dist. 1999); *Watkins v. Office of State Appellate Defender,* 2012 IL App (1st) 111756 (1st Dist. 2012). Allegations of retaliation against an individual supervisor when the alleged retaliatory actions were committed in the name of the employer are improper. *Anderson,* 305 Ill. App. 3d at 102; *Watkins,* 2012 IL App (1st) 111756 at ¶ 37. Allegations of retaliation against individuals under the IHRA must allege that the individual was personally motivated or acted without the knowledge and consent of the employer. *Id*.

Here, Plaintiff plainly alleges that the District's Board of Education is his employer under the IHRA and that the Board is the party which whom he entered his employment contract. Amend. Compl. ¶¶ 7, 18-21, 23. He does not allege that any of the Individual Defendants took action against him outside of their official capacities as members of the District's Board of Education. *See* Amend. Compl. ¶¶ 10-16, 33, 35, 36, 38, and 42 (the only paragraphs of the Amended Complaint containing allegations against any Individual Defendants). There are no allegations that any Individual Defendants individually retaliated against Plaintiff and Plaintiff does not claim that any of the Individual Defendants were acting outside of any collective Board action as Plaintiff's actual "employer."

The Individual Defendants were not Plaintiff's "employer" as defined by Title VII and the IHRA because individual liability does not attach under Title VII and the IHRA. *See Williams*, 72 F.3d at 554; *Anderson,* 305 Ill. App. 3d at 102. As such, the Individual Defendants cannot face liability under Counts I and II of the Amended Complaint. Therefore, Plaintiff's claims under the IHRA and Title VII against the Individual Defendants, contained in Count I (IHRA) and Count II (Title VII) of the Amended Complaint, are improper and should be dismissed with prejudice.

### B.     PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY

Count III of the Amended Complaint is subtitled "Conspiracy-42 U.S.C. § 1983 and 42 U.S.C. § 1985". This count must be dismissed against all Defendants because it is barred by the Intercorporate Conspiracy Doctrine. Count III must also be dismissed because it fails to state an underlying claim for relief under either § 1983 or § 1985. In addition, Count III must be dismissed because Plaintiff has failed to state a claim for conspiracy under § 1983 or § 1985, and because the conspiracy allegations are legally superfluous.

#### i.     *Count III is Barred by the Intracorporate Conspiracy Doctrine.*

The Intracorporate Conspiracy Doctrine ("ICD") bars Section 1983 and 1985 conspiracy cases where proof of a discriminatory act reflects the collective judgment of two or more managers of a firm. *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972); *Doe v. Board of Educ. of Hononegah Community High School District No. 207,* 833 F. Supp. 1366, 1381 (N.D. Ill 1993); *Rhodes v. Deere,* 1991 WL 352612, *3-4 (N.D. Ill. 1991). The ICD ensures that independent decisions by persons or business entities are free from conspiracy liability, including in situations where managers took multiple steps to carry out their plan. *Travis v. Gary Community Mental Health Center, Inc.,* 921 F.2d 108, 110-11 (7th Cir. 1990).  A Section 1983 or 1985 conspiracy claim "cannot exist

6

solely between members of the same entity." *Payton v. Rush Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 632 (7th Cir.1999); *see Rojicek v. Community Consolidated School District 15,* 934 F. Supp. 280 (N.D. Ill. 1996). "Managers of a corporation who are jointly pursuing its lawful business do not become conspirators for purposes of section 1985 when acts within their employment are said to be discriminatory or retaliatory." *Doe,* 833 F. Supp. At 1381, citing *Travis,* 921 F.2d at 110. Further, the ICD is directly applicable to school boards and school board members. *Rhodes,* 1991 WL 352612 at *3; *See Doe,* 833 F. Supp. at 1381; *Cromley v. Board of Education of Lockport Township High School District 205,* 699 F. Supp. 1283 (N.D. Ill. 1988). As such, the ICD is applicable when defendants' ability to injure a plaintiff derives "solely from their positions within a school district and the influence they wielded therefrom." *Doe,* 833 F. Supp. at 1381-82, citing *Rhodes,* 1991 WL 352612 at *3.

Plaintiff here has sued the Urbana School District's Board of Education and its individual board members for conspiracy, purportedly under both Sections 1983 and 1985. Plaintiff alleges that all Individual Defendants were "duly elected member[s] of the Board." Amend. Compl. ¶¶ 10-16. Plaintiff has not plead that any other individuals or entities took part in the conspiracy, beyond the wholly conclusory allegation of "other known and unknown co-conspirators."[1] Plaintiff correctly alleges in the Amended Complaint that the Board makes all employment decisions pertaining to the superintendent pursuant to the Illinois School Code. Amend. Compl. ¶ 20. Stemming from that authority to make employment decisions in relation to the Plaintiff, Plaintiff alleges that the Board wrongly placed him on administrative leave and that his employment contract was not renewed after its expiration. Amend. Compl. ¶¶ 41-43, 48,

---

[1] Plaintiff fails to identify, in any manner, these co-conspirators and such baseless conclusions should be disregarded by the Court as insufficient.

55.     As we accept Plaintiff's allegations as true, the alleged conspiratorial adverse actions were committed by the Board via its members in their official employment capacities. Further, Plaintiff does not allege that the conspiracy "permeated the ranks of the organization's employees" or that it was part of some broader discriminatory pattern at the District. *See Hartman v. Board of Trustees of Community College District No. 508,* 4 F.3d 465, 470-71 (7th Cir. 1993). Therefore, in accordance with well-established Seventh Circuit authority, the ICD bars Plaintiff's claims of civil conspiracy under Sections 1983 and 1985 and his Count III must be dismissed.

        ii.    **_Plaintiff does not allege an underlying constitutional § 1983 violation._**

Even if the ICD is not held to bar Count III, Plaintiffs Amended Complaint does not plead an underlying constitutional violation sufficient to support his conspiracy claim. Section 1983 provides that a person who acts under the color of the law to deprive a person of their Constitutional rights is liable to the injured party. 42 U.S.C. § 1983. Despite Plaintiff's allegation of a constitutional cause of action, conspiracy is not an independent basis of liability in § 1983 actions. A conspiracy to commit a constitutional violation requires an underlying substantive constitutional violation. *Cefalu v. Village of Elk Grove,* 211 F.3d 416 (7th Cir. 2000); *Nardoni v. Moke,* 2002 WL 1610988, *3 (N.D. Ill. 2002). Nowhere in his Amended Complaint does Plaintiff allege an underlying § 1983 constitutional violation supporting his claim for constitutional conspiracy. As such, his Count III must be dismissed.

        iii.    **_Count III Does Not State A Prima Facie Case of § 1983 or § 1985 Conspiracy._**

Even if Plaintiff is found to have stated a claim for a constitutional violation supporting his purported conspiracy allegations, he has not sufficiently plead a claim for § 1983 conspiracy. Additionally, Plaintiff has failed to state a § 1985 conspiracy claim.

### a. <u>Claim for Section 1983 Conspiracy Fails.</u>

To state a claim under Section 1983 for conspiracy, a plaintiff must allege the underlying conspiracy violation, as discussed in section B(ii), above, and allege facts from which the Court may reasonably infer there was "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988). Conspiracy allegations are held to a higher standard of plausibility and bare allegations of conspiracy are not enough to survive a motion to dismiss. *Cooney v. Rossiter,* 583 F.3d 967, 970-71 (7th. Cir. 2009). "Mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough." *Id*. at 971. For example, as in *Cooney*, charging that multiple individuals, with the aid of state actors, "continued the ongoing violations of Plaintiff['s]… Constitutional rights," without further allegations of how the conspiracy took place, is too vague to state a claim. *See Id*. Further, alleging simply that all defendants "working in concert 'reached an understanding to deprive Plaintiff of his constitutional rights'" is a blanket assertion and does not sufficiently plead constitutional conspiracy. *Lyttle v. Killackey,* 528 F. Supp. 2d 818, 831 (N.D. Ill. 2007).

Count III of the Amended Complaint baldly states, without any supporting factual allegations, that all Defendants along with "other co-conspirators, known and not yet known to the Plaintiff" illegally conspired to place Plaintiff on paid administrative leave and not renew his employment contract, an alleged violation of Plaintiff's rights. *See* Amend. Compl. ¶ 59. Plaintiff further baselessly states that the Defendants, "acting in concert with other known and unknown co-conspirators," accomplished an unlawful purpose by unlawful means and were intentionally and willfully indifferent to Plaintiff's constitutional rights. *See* Amend. Compl. ¶¶ 60, 62. These are mere recitations of the

9

bare elements of a conspiracy claim and, as in *Cooney* and *Lyttle*, Plaintiff's allegations are insufficient to state a claim for conspiracy. Plaintiff never alleges which constitutional rights were supposedly violated, never alleges who the "other known co-conspirators" are, never alleges that an agreement was reached among the Defendants, never alleges what overt acts were supposedly taken in furtherance of the supposed conspiracy, and never alleges what overt acts in furtherance of any agreement. Therefore, Plaintiff does not plead a *prima facie* case of § 1983 deprivation of rights.

### b. Claim for Section 1985(3) Conspiracy Also Fails.

Section 1985(3) generally provides that two or more private persons, in concert with state actors, may not deprive any person equal protection of the law and may be liable for the deprived party for doing so. 42 U.S.C. § 1985(3); *Fairley v. Andrews,* 578 F. 3d 518, 526 (7th Cir. 2009). To establish a claim for civil conspiracy under § 1985(3), a plaintiff must demonstrate (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. *Hernandez v. Joliet Police Department,* 197 F.3d 256, 263 (7th Cir.1999). The acts in furtherance of the alleged conspiracy must be pled with specificity. *Quinones v. Szorc,* 771 F.2d 289, 291 (7th Cir. 1985). The Conspiracy must be motivated by "racial, or other class-based discriminatory animus" and a plaintiff must be a member of a "suspect class" for equal protection purposes. *Smith v. Gomez,* 550 F. 3d 613, 617 (7th Cir. 2008).

First, Plaintiff is not and did not plead that he is a member of a "suspect class" for equal protection purposes, as required to plead a § 1985(3) conspiracy claim. *See Smith*, 550 F. 3d at 617. Additionally, Plaintiff does not allege that the conspiracy was motivated by class-based discriminatory hostility or prejudice. Third, Plaintiff does not allege that

any private persons acted in concert with governmental actors to deprive him of rights, as required for a § 1985(3) conspiracy claim. Plaintiff's Amended Complaint baselessly claims that there are "other co-conspirators, known and not yet known to the Plaintiff." Amend. Compl. ¶¶ 59-60. Claims against unknown persons sued as defendants (i.e. "Unknown conspirators John Doe 1, 2, etc.") are "meaningless and uncompensable." *Benson v. U.S.*, 969 F. Supp 1129, 1131 (N.D. Ill. 1997). Allegations against unnamed "other co-conspirators, known and not yet known" (Amend. Compl. ¶¶ 59-60) who are not even named as defendants must be even more "meaningless" and cannot be the basis for § 1985(3) liability in which both a private citizen and government actor are required. Finally, Plaintiff does not plead any acts which were allegedly committed in furtherance of the conspiracy, as required. For all the reasons in this paragraph, Plaintiff's § 1985(3) conspiracy claims must be dismissed.

In addition, Plaintiff completely undercuts his allegations of conspiracy under both the Sections 1983 and 1985 by pleading that five of the Individual Defendants voted to place him on administrative leave, and that two of the Individual Defendants voted against the alleged adverse action. Amend. Compl. ¶ 42. Taken as true, Plaintiff demonstrates that there was no conspiracy to violate Plaintiff's rights because there was no agreement to take adverse action against him, as demonstrated by the split voting results. Nonetheless, Plaintiff sued all seven board members (the Individual Defendants) and alleged that they, and the Board of Education, committed a conspiracy against Plaintiff. This theory is legally nonsensical and certainly fails to state a claim for conspiracy upon which relief may be granted.

In all, Plaintiff's unsupported conclusions of "conspiracy" must be disregarded at the pleading stage. *Iqbal*, 556 U.S. at 678, 680. The allegations in Count III do not rise to the heightened standard required for conspiracy claims nor do they meet the basic

requirements for a *prima facie* case of conspiracy. *See Cooney,* 583 F.3d at 971; *Hernandez,* 197 F.3d at 263; *Scherer,* 840 F.2d at 442. Therefore, Count III is not adequately plead under Sections 1983 or 1985 and must be dismissed in its entirety.

### iv. Count III for Relief under § 1985 is Legally Superfluous.

Section 1985(3) conspiracy requires two or more private persons in concert with state actors to deprive a person equal protection of the law. 42 U.S.C. § 1985(3). *Fairley,* 578 F. 3d at 526. However, "[t]he function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Id*. at 526. When, as in *Fairly* and the instant matter, the defendants are all state actors, a § 1985(3) claim is superfluous and should be dismissed. *Id*. ("[A] § 1985(3) claim does not add anything except needless complexity."). As such, Plaintiff's Count III must be dismissed as legally superfluous insofar as it alleges a § 1985 liability against the Defendants, who are all state actors.

### C. NO ALLEGATIONS OF WRONGDOING BY THE INDIVIDUAL DEFENDANTS

Plaintiff's Amended Complaint must be dismissed in its entirety against the Individual Defendants because it contains no allegations of wrongdoing against any of the Individual Defendants. In fact, the individual board members are sparingly mentioned in the Amended Complaint and are never alleged to have committed retaliation in violation of the IHRA or Title VII and never alleged to have committed any conspiratory acts. For this reason, in addition to the reasons discussed above, the Individual Defendants must be dismissed from this suit.

Paragraphs 10 through 16 of the Amended Complaint introduce each Individual Defendant in turn as "an adult resident of the State of Illinois" and, "[a]t all times material to this action…a duly elected member of the Board." Defendants Dimit, Rollins-Gay, and

Fisher, were additionally introduced as President, Vice President, and Secretary of the Board, respectively. Amend. Compl. ¶¶ 10-16. Paragraphs 33, 35, 36, and 38 mention some of the Individual Defendants and conversations Plaintiff had with them. Paragraph 42 mentions each Individual Defendant by name in the context of whether they, as board members, voted for or against placing Plaintiff on leave at a Board meeting. None of the paragraphs mentioning an Individual Defendant contain allegations that an Individual Defendant violated the IHRA or Title VII by retaliating against Plaintiff. None of those paragraphs contain allegations that an Individual Defendant conspired against Plaintiff. As such, Plaintiff's Amended Complaint concedes that any and all alleged adverse employment or retaliatory actions taken against him were allegedly committed by the Board as an entity in its official capacity as Plaintiff's employer, and not by any individual. For this reason, all counts of Plaintiff's Amended Complaint must be dismissed against the Individual Defendants.

WHEREFORE, Defendants, **BOARD OF EDUCATION OF URBANA SCHOOL DISTRICT #116, JOHN H. DIMIT, BENITA ROLLINS-GAY, ANNE HALL, RUTH ANN FISHER, BRENDA CARTER, PAUL POULOSKI, and PEGGY PATTON**, respectfully request that this Court enter an order granting Defendants' Motion to Dismiss with prejudice, and any other remedy that this Honorable Court deems necessary and just.

Respectfully submitted,

**BOARD OF EDUCATION OF URBANA SCHOOL DISTRICT #116, JOHN H. DIMIT, BENITA ROLLINS-GAY, ANNE HALL, RUTH ANN FISHER, BRENDA CARTER, PAUL POULOSKI, and PEGGY PATTON**

By: /s/ Frank B. Garrett III
    One of Defendants' Attorneys

Frank B. Garrett III (6192555)
fgarrett@robbins-schwartz.com
Tyler J. Bohman (6315219)
tbohman@robbins-schwartz.com
**R**OBBINS **S**CHWARTZ **N**ICHOLAS
  **L**IFTON **& T**AYLOR**, L**TD**.**
55 West Monroe Street, Suite 800
Chicago, Illinois 60603-5144
Telephone (312) 332-7760
Fax (312) 332-7768

## CERTIFICATE OF SERVICE BY ELECTRONIC MAILING

    I hereby certify that I electronically filed the **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system on this 23rd day of March, 2020, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9:

                            /s/ Frank B. Garrett III